UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| PURDUE RESEARCH FOUNDATION | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| VICTOR WAKLEY AND SAVE OUR VETERANS, INC. | ) ) ) | CAUSE NO. 1:12-CV-1807 TWP-DKL |
| Defendants. | ) ) | |
| VICTOR WAKELY | ) ) | |
| Counterclaimant, | ) ) | |
| v. | ) ) | |
| PURDUE RESEARCH FOUNDATION, JAMES BARTEK and JOSEPH B. HORNETT | ) ) ) | |
| Counter Defendants, | ) ) | |
| & | ) ) | |
| INTERNAL REVENUE SERVICE  and UNITED STATES POSTAL SERVICE | ) ) ) | |
| Counter Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SEVER AND REMAND ITS COMPLAINT**

Comes now the Plaintiff, Purdue Research Foundation ("PRF"), by counsel, and in support of its Motion to Sever and Remand its Complaint, states:

**Procedural History**

On October 17, 2012, PRF filed its complaint in this case.  See Ex. A hereto (copy of complaint).   PRF's Complaint states a claim for breach of written contract under a lease between PRF and Save Our Veterans, Inc. ("SOV").  Complaint at ¶¶ 4, 13-14, 19 and attached exhibits. On the face of PRF's complaint, it is an action for relief on a lease against the lessor Save Our Veterans, Inc. under state law.  PRF's complaint names SOV principal Victor Wakely as an individual co-defendant for completeness of eviction relief but does not otherwise attempt to state a claim against Victor Wakely.  *Id.*

On November 13, 2012, Victor Wakley appeared pro se and signed and filed a pleading entitled Answer to Complaint and Counterclaim.  DE 1 (United States' Notice of Removal including copy of Wakely pleading).  Wakley's pleading names James Bartek, Joseph B. Hornett, the Internal Revenue Service, and the United States Postal Service as additional counterclaim defendants.

On November 20, 2012, the Marion Superior Court entered an order that "the record of this proceeding shall show the default of Save Our Veterans, Inc. for failure to appear by counsel and answer the claims of PRF's complaint filed October 17, 2012."  Ex. B hereto (copy of order).

On December 11, 2012, the United States Postal Service filed its Notice of Removal. The Notice of Removal does not attach or reference PRF's complaint or assert removability on the basis of any claim asserted by PRF.

**Discussion**

**A.  PRF's complaint should be severed from Wakely's claims.**

Under Federal Rule of Civil Procedure 21 this Court may "sever any claim against a party."  The determination of whether to sever is "committed to the broad discretion of the trial judge."  *Malibu Media, LLC v. John Does 1-14*, 2012 WL 6019259, *8 (N.D. Ind. 2012).

> The practical effect of severance of previously-joined claims is the creation of two or more separate actions.   To decide whether severance is appropriate, a court should consider the convenience and fairness to parties as well as the claim's separability in logic and law. A court's decision should serve the ends of justice and facilitate the prompt and efficient disposition of the litigation.

*Id*. (internal citations and quotations omitted).

Severance of PRF's complaint from Victor Wakely's claims will not impair this Court's determination of any subject matter cited by the United States as a basis for removal of the counterclaims pending against it, for the following reasons:

- Victor Wakely's counterclaim does not attempt to state any claim in the name of the lessor Save Our Veterans, Inc.  As stated in the prayer to the Counterclaim: "WHEREFORE, Your Counter Claim Plaintiff Victor Wakley, states that ALL of the aforementioned violations have caused irreparable harm to Victor Wakley the individual, and as a result, Your Counter Claim Plaintiff Victor Wakley respectfully requests this Honorable Court to enter a Judgment against the Defendants …"

- Wakely's claims against the United States do not seeking any contract relief  under the lease-in-suit attached to PRF's complaint.

- Prior to the United States' Notice of Removal, the Marion County Superior Court had entered the default of Save Our Veterans, Inc. for failure to appear through counsel, and for the same reason this Court has given notice any pleadings asserted in the

name of Save Our Veterans, Inc. will be stricken if that corporation does not appear

by counsel in this Court.  DE 6.  Therefore, independent of any issues between

Wakely and the United States, PRF's complaint against Save Our Veterans, Inc. is on

a path to a default judgment against Save Our Veterans, Inc.

If PRF's complaint is not severed, PRF will promptly move for entry of a final default

judgment against Save Our Veterans, Inc., because SOV has not appeared by counsel and moved

for relief from the Marion Superior Court's entry of SOV's default, which occurred prior to the

United States' Notice of Removal.[1]

**B.  Following severance, PRF's complaint should be remanded to state court.**

Under 28 U.S.C. § 1442(a)(1), a civil action commenced in a state court against a federal

agency may be removed by the agency to federal court.

Section 1442(a) is an exception to the well-established rule that a claim by a defendant

cannot create federal removal jurisdiction where plaintiff's claims are not removable.  *Thomas v.*

*Shelton*, 740 F.2d 478, 482 (7th Cir. 1984) ("Federal jurisdiction depends on the allegations of the

complaint rather than on issues that come in later.").

No party contends that PRF's complaint can support any diversity jurisdiction or federal

question jurisdiction in this Court.  The United States is only a defendant under claims filed by

defendant Victor Wakely against the United States as a third-party.  Therefore the United States'

invocation of removal jurisdiction under Section 1442(a) does not speak to the claims of PRF's

complaint.

---

[1] *See, e.g.*, *UMG Recordings, Inc. v. Stewart*, 461 F.Supp.2d 837, 840 (S.D.Ill.2006) ("Obtaining a default judgment entails two steps. First, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party.").

As a result, following severance of PRF's complaint from Victor Wakely's counterclaim there would be no basis to exercise federal jurisdiction over PRF's complaint, and remand to state court would be obligatory.[2]

WHEREFORE, Plaintiff PRF prays that this Court sever and remand PRF's complaint to the Marion Superior Court.

/s/ William P. Kealey
William P. Kealey
Atty No. 18973-79
Robert E. Elder
Atty No. 27827-49
Stuart & Branigin LLP
The Life Building
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Telephone: 765.423.1561
Facsimile: 765.742-8751
Email: wpk@stuartlaw.com
**Attorneys for Purdue Research Foundation, Joseph B. Hornett, and James Bartek**

---

[2] Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 576 (7th Cir. 1982). The burden of establishing federal jurisdiction falls on the party seeking removal. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). Any doubt regarding jurisdiction should be resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of January, 2013, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system:

Jonathan A. Bont
Office of the United States Attorney
Southern District of Indiana
10 West Market, Suite 2100
Indianapolis, IN 46204

A copy of the foregoing was served on January 8, 2013 by first-class mail on:

Victor Wakley
12165 Golden Bluff Court
Indianapolis, IN 46236

/s/William P. Kealey
William P. Kealey

634839.1

6