UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PURDUE RESEARCH FOUNDATION ) <br> c/o STURAT & BRANIGAN LLP, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> VICTOR WAKLEY AND SAVE OUR ) <br> VETERANS, INC., ) <br> ) <br> Defendants/Counter Complainants, ) <br> ) <br> v. ) <br> PURDUE RESEARCH FOUNDATION, ) <br> JAMES BARKET (individual), ) <br> JOSEPH B. HORNETT (individual), ) <br> ) <br> Counter Claimants, ) <br> ) <br> UNITED STATES POSTAL SERVICE, ) <br> ) <br> Third Party Defendant. ) | Case No. 1:12-cv-1807-TWP-DKL |

**ENTRY DISCUSSING PENDING MOTIONS, DISMISSING SPECIFIED
CLAIM AND REMANDING BALANCE OF THE ACTION TO STATE COURT**

This matter is before the Court on Plaintiff Purdue Research Foundation's ("PRF") Motion to Sever and Remand its Complaint and Counter Defendant's Internal Revenue Service (the "IRS) and United States Postal Service (the "USPS"), Motion to Dismiss. For the reasons set forth below, PRF's Motion to Sever and Remand (Dkt. 11) is **DENIED.** The USPS's Motion to Dismiss (Dkt. 17) is **GRANTED** and the claims against the IRS in the third-party complaint are **DISMISSED** for lack of jurisdiction.

**I.    DISCUSSION**

On October 17, 2012, PFR filed an eviction and damages action against Victor Wakley

("Mr. Wakley") and Save our Veterans, Inc. ("Veterans, Inc.") in the Marion Superior Court for alleged failure to pay rent pursuant to a real estate lease. (Dkt. 12-1). On November 13, 2012, Mr. Wakley, pro se, filed an Answer to Complaint and Counterclaim ("Counterclaim") on behalf of himself and Veterans, Inc., naming the USPS and the IRS as Counterclaim Defendants. (Dkt. 1-1). Thereafter, on December 11, 2012, USPS removed this matter to federal court and on January 4, 2013 the IRS joined in the removal. The Court will address the parties pending motions in turn.

> A. The motion to sever and remand

As will be explained below, this action is ripe for resolution in all respects which fall within this court's jurisdiction. Therefore, the Court will rule on the pending motions and PRF's Motion to Sever and Remand (Dkt. 11) is **DENIED**.

> B. The motion to dismiss of the IRS

The IRS was not designated as a defendant in the original complaint. "To make someone a party the plaintiff must specify him in the caption and arrange for service of process." *Myles v. United States,* 416 F.3d 551, 551-52 (7th Cir. 2005). Because the IRS has not been joined as a defendant since the filing of the original complaint, and has not moved to intervene in the action, the IRS is not a party and is therefore **DISMISSED** from this action.

> C. The motion to dismiss of the USPS

With respect to the USPS, its motion to dismiss (Dkt. 17) is **GRANTED.** This decision is based on the following:

> a. Save Our Veterans, Inc. has been dismissed as a party.

> b. A timely administrative claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(6), 2680, has not been filed. Pursuant to 28 U.S.C. § 2675(a), an administrative claim must be filed and acted on before a lawsuit can be filed. The Supreme Court noted in *McNeil v. United States*, 508 U.S. 106, 113 (1993). Such

exhaustion is a condition precedent to a federal court exercising jurisdiction over an FTCA suit. *Id.,* 508 U.S. at 112. Actions filed prematurely under the FTCA must be dismissed for lack of subject matter jurisdiction in order to allow a plaintiff to exhaust her administrative remedies. *Id.,* 508 U.S. at 113; *see also Garcia v. Meza,* 235 F.3d 287, 290 (7th Cir. 2000); *Fallowfield v. United States*, 2010 WL 5053907 (S.D.Ind. Dec. 2, 2010).

c.      Claims associated with or asserting a violation of the Constitutional are not actionable under the FTCA because "the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims." *FDIC v. Meyer,* 510 U.S. 471, 478 (1994).

d.      Congress has not waived the United States' sovereign immunity with respect to Mr. Wakley's RICO allegations. *Tipton v. Northrop Grumman Corp.*, 2009 WL 2969505, *3 (E.D.La. Sept. 10, 2009)(citing cases).

e.      The FTCA's waiver of sovereign immunity shall not apply to "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matters," 28 U.S.C. § 2680(b), leaving the court without jurisdiction over Wakley's allegations of mishandled mail.

**D. The remaining claims**

Having granted the USPS motion, all of its federal claims have been resolved. The presence of such claims was the only basis supporting the removal of the action from state court. With that in mind, the court must now determine whether to exercise supplemental jurisdiction over the breach-of-contract claim and Mr. Wakley's counterclaim and third-party complaint. See 28 U.S.C. ' 1367(c)(3); *Wright v. Associated Insurance Cos., Inc.,* 29 F.3d 1244, 1250 (7th Cir. 1994). When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.,* 599 F.3d 720, 727 (7th Cir. 2010). "The presumption is rebuttable, 'but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law.'" *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.,* 672 F.3d 476, 479 (7th Cir. 2012) (quoting *Khan v. State Oil Co.,* 93 F.3d 1358, 1366 (7th Cir. 1996)).

"[W]hen deciding to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons,* 4522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988)). The Seventh Circuit has identified three situations where a district court should retain jurisdiction over a supplemental claim even though all federal claims have dropped out: "where the statute of limitations would bar the refiling of the supplemental claims in state court . . . ; where substantial federal judicial resources have already been expended on the resolution of the supplemental claims; and where it is obvious how the claims should be decided." *Williams Elecs. Games, Inc. v. Garrity,* 479 F.3d 904, 906–07 (7th Cir. 2007). Here, none of the above circumstances are present as to the pendent claims under Indiana state law. Therefore, the Court in its discretion, will not exercise supplemental jurisdiction over the remaining state law claims.

### III. CONCLUSION

For the reasons stated above, PRF's Motion to Sever and Remand (Dkt. 11) is **DENIED.** The Motion to Dismiss (Dkt. 17) of USPS is **GRANTED** and claims against the IRS in the third-party complaint are **DISMISSED** for lack of jurisdiction. The remainder of the action is **REMANDED** to the Marion Superior Court. A separate order consistent with the foregoing shall now issue.

SO ORDERED

Date: 09/19/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Victor D. Wakley
12165 Golden Bluff Court
Indianapolis, IN 46236